# JULY TERM, 1872, AT LANSING.

---

## John F. Willey v. John Kilduff.

*Practice in supreme court: Notice of hearing may be countermanded.* When the attorney for the plaintiff in error has noticed a cause for hearing in this court, and, before the term commenced, has countermanded such notice, and has not procured the cause to be placed on the docket, and the attorney for defendant in error has failed to notice the cause for hearing, the latter is not entitled to have the cause placed upon the docket and heard. If either party desires to have a cause heard, he must notice the cause for hearing on his own behalf, and procure the same to be placed on the docket for hearing.

*Heard and decided July 6.*

Error to Bay Circuit.

*William Jennison,* for plaintiff in error.

*John McNamara,* for defendant in error, moved to have said cause placed upon the docket for hearing at the present term of the court.

It appeared that the cause had been duly noticed for hearing at the present term by the attorney for the plaintiff in error, who had subsequently, before the first day of the term, countermanded such notice of hearing, by serving notice thereof upon the attorney for defendant in error, and had failed to have said cause placed upon the docket for said term; and that no notice of hearing had been served on behalf of the defendant in error.

25 MICH.—21.

WILLEY v. KILDUFF.

THE COURT held that the defendant in error was not entitled to have the cause placed upon the docket for hearing. If he . desired to have the cause heard at this term, he should himself have noticed the cause for hearing and procured the same to be placed upon the docket on such notice.

Motion denied.